UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| **JASON CAMACHO ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED** | Case No. 1:18-cv-10699-JPO |
| *Plaintiffs,* | **ANSWER** |
| -vs- | |
| **ROCHESTER INSTITUTE OF TECHNOLOGY** | |
| *Defendant.* | |

---

The Defendant, Rochester Institute of Technology ("RIT" or "Defendant"), by and through its attorneys, Barclay Damon LLP, as and for its Answer to Plaintiff's Complaint, states, upon information and belief, as follows:

## AS TO "INTRODUCTION"

1. Paragraph 1 of the Complaint sets forth a general introduction not calling for an admission or denial but, to the extent it contains allegations to which a response is required, RIT denies such allegations.

2. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. RIT denies the allegations set forth in Paragraph 4 of the Complaint, except states that Plaintiff purports to bring this action under the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA").

5. RIT denies the allegations set forth in Paragraph 5 of the Complaint, except states that Plaintiff purports to seek a permanent injunction.

## AS TO "JURISDICTION AND VENUE"

6. Paragraph 6 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT admits only so much of Paragraph 9 of the Complaint as alleges that RIT's main campus is located in Rochester, New York and denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. RIT admits only so much of Paragraph 10 of the Complaint as alleges that RIT is a university, college and institution of higher learning, and that it markets and solicits prospective students in order to encourage them to apply to RIT, and that RIT sends representatives to various functions attended by prospective students, and denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. RIT admits only so much of Paragraph 11 of the Complaint as alleges that RIT markets and solicits to prospective students in New York State, including New York City, and that a substantial number of students who attend RIT are from New York State, and denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.     RIT admits only so much of Paragraph 12 of the Complaint as alleges that the Javits Convention Center, located in New York, York is a large and well known place of exhibition or entertainment and a convention center, states that the remaining allegations in Paragraph 12 of the Complaint set forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the remaining allegations in Paragraph 12 of the Complaint.

13.     RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     RIT admits the allegations set forth in Paragraph 14 of the Complaint.

15.     RIT admits the allegations set forth in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 17 of the Complaint.

## AS TO "THE PARTIES"

18.     RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     RIT denies that its main campus is located in Albany, NY and admits the remaining allegations set forth in Paragraph 19 of the Complaint.

20.     RIT admits only so much of Paragraph 20 of the Complaint as alleges that its website provides consumers with information about: school location and hours, curriculum and

programs of instruction, academic calendars, course and admission prerequisites, cost of tuition, available financial aid, career services, accreditation, faculty, campus security, transfer credits, textbooks, and other information, states that the allegation set forth in Paragraph 20 of the Complaint that RIT is a public accommodation is a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies such allegations, and denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 21 of the Complaint.

## AS TO "NATURE OF ACTION"

22. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and all of its sub-parts.

**AS TO "STATEMENT OF FACTS"**

28. RIT admits only so much of Paragraph 28 of the Complaint as alleges that Defendant operates the website www.RIT.edu and refers to the website for the precise contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Complaint, but to the extent that a response is required, RIT denies such allegations.

29. RIT denies the allegations set forth in Paragraph 29 of the Complaint.

30. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and all of its sub-parts.

35. RIT admits only so much of Paragraph 35 of the Complaint as alleges that,"They strive to eliminate bias within the educational system based on … disability," is a quote from the NACAC website, and denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36. RIT denies the allegations set forth in Paragraph 36 of the Complaint.

37. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. RIT denies the allegations set forth in Paragraph 39 of the Complaint.

40. RIT denies the allegations set forth in Paragraph 40 of the Complaint.

41. RIT denies the allegations set forth in Paragraph 41 of the Complaint.

42. RIT denies the allegations set forth in Paragraph 42 of the Complaint.

43. RIT denies the allegations set forth in Paragraph 43 of the Complaint and all of its sub-parts.

44. RIT denies the allegations set forth in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 45 of the Complaint.

46. RIT denies the allegations set forth in Paragraph 46 of the Complaint and all of its sub-parts.

47. RIT denies the allegations set forth in Paragraph 47 of the Complaint.

48. RIT denies the allegations set forth in Paragraph 48 of the Complaint.

49. RIT denies the allegations set forth in Paragraph 49 of the Complaint.

50. RIT denies the allegations set forth in Paragraph 50 of the Complaint.

## AS TO "CLASS ACTION ALLEGATIONS"

51. RIT denies the allegations set forth in Paragraph 51 of the Complaint, except states that Plaintiff purports to seek to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2).

52. RIT denies the allegations set forth in Paragraph 52 of the Complaint, except states that Plaintiff purports to seek to certify a New York State subclass under Fed. R. Civ. P. 23(a) and 23(b)(2).

53. RIT denies the allegations set forth in Paragraph 52 of the Complaint, except states that Plaintiff purports to seek to certify a New York City subclass under Fed. R. Civ. P. 23(a) and 23(b)(2).

54. RIT denies the allegations set forth in Paragraph 54 of the Complaint and all of its sub-parts.

55. RIT denies the allegations set forth in Paragraph 55 of the Complaint.

56. RIT denies the allegations set forth in Paragraph 56 of the Complaint.

57. RIT denies the allegations set forth in Paragraph 57 of the Complaint.

58. RIT denies the allegations set forth in Paragraph 58 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq.*"

59. RIT repeats and re-alleges its responses to Paragraphs 1 through 58 of the Complaint as if set forth fully herein.

60. Paragraph 60 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 64 of the Complaint.

65. RIT denies the allegations set forth in Paragraph 65 of the Complaint.

66. RIT denies the allegations set forth in Paragraph 66 of the Complaint, except states that Plaintiff purports to request relief as set forth in the Complaint.

## AS TO "SECOND CAUSE OF ACTION VIOLATIONS OF THE NYSHRL"

67. RIT repeats and re-alleges its responses to Paragraphs 1 through 66 of the Complaint as if set forth fully herein.

68. Paragraph 68 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 68 of the Complaint.

69. RIT denies that its website is a service that is "heavily integrated with [its] physical locations and is a gateway thereto," and states that the remaining allegations in

Paragraph 69 of the Complaint set forth a legal conclusions not calling for an admission or denial, but to the extent that a response is required, RIT denies the remaining allegations in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 70 of the Complaint.

71. RIT denies the allegations set forth in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 74 of the Complaint.

75. RIT denies the allegations set forth in Paragraph 75 of the Complaint and all of its sub-parts.

76. RIT denies the allegations set forth in Paragraph 76 of the Complaint.

77. RIT denies the allegations set forth in Paragraph 77 of the Complaint.

78. RIT denies the allegations set forth in Paragraph 78 of the Complaint.

79. RIT denies the allegations set forth in Paragraph 79 of the Complaint.

80. RIT denies the allegations set forth in Paragraph 80 of the Complaint.

81. RIT denies the allegations set forth in Paragraph 81 of the Complaint, except states that Plaintiff purports to pray for judgment as set forth in the Complaint.

## AS TO "THIRD CAUSE OF ACTION VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW"

82. RIT repeats and re-alleges its responses to Paragraphs 1 through 81 of the Complaint as if set forth fully herein.

83. RIT denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 85 of the Complaint.

86. RIT denies that its website is a service that is "heavily integrated with [its] physical locations and is a gateway thereto," and states that the remaining allegations in Paragraph 86 of the Complaint set forth a legal conclusions not calling for an admission or denial, but to the extent that a response is required, RIT denies the remaining allegations in Paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 87 of the Complaint.

88. RIT denies the allegations set forth in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 90 of the Complaint.

91. RIT denies the allegations set forth in Paragraph 91 of the Complaint.

92. RIT denies the allegations set forth in Paragraph 92 of the Complaint.

93. RIT denies the allegations set forth in Paragraph 93 of the Complaint.

### AS TO "FOURTH CAUSE OF ACTION VIOLATIONS OF THE REHABILITATION ACT of 1973, §504"

94. RIT repeats and re-alleges its responses to Paragraphs 1 through 93 of the Complaint as if set forth fully herein.

95. Paragraph 95 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 96 of the Complaint.

97. RIT admits the allegations set forth in Paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 98 of the Complaint.

99. RIT denies the allegations set forth in Paragraph 99 of the Complaint.

100. RIT denies the allegations set forth in Paragraph 100 of the Complaint.

101. RIT denies the allegations set forth in Paragraph 101 of the Complaint.

102. RIT denies the allegations set forth in Paragraph 102 of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION VIOLATIONS OF THE NYCHRL"

103. RIT repeats and re-alleges its responses to Paragraphs 1 through 102 of the Complaint as if set forth fully herein.

104. Paragraph 104 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 105 of the Complaint.

106. RIT denies the allegations set forth in Paragraph 106 of the Complaint.

107. RIT denies the allegations set forth in Paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint sets forth a legal conclusion not calling for an admission or denial, but to the extent that a response is required, RIT denies the allegations in Paragraph 108 of the Complaint.

109. RIT denies the allegations set forth in Paragraph 109 of the Complaint and all of its sub-parts.

110. RIT denies the allegations set forth in Paragraph 110 of the Complaint.

111. RIT denies the allegations set forth in Paragraph 111 of the Complaint.

112. RIT denies the allegations set forth in Paragraph 112 of the Complaint.

113. RIT denies the allegations set forth in Paragraph 113 of the Complaint.

114. RIT denies the allegations set forth in Paragraph 114 of the Complaint.

115. RIT denies the allegations set forth in Paragraph 115 of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION DECLARATORY RELIEF"

116. RIT repeats and re-alleges its responses to Paragraphs 1 through 115 of the Complaint as if set forth fully herein.

117. RIT denies the allegations set forth in Paragraph 117 of the Complaint.

118. RIT denies the allegations set forth in Paragraph 118 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

119. RIT denies that Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses of the Complaint, including subparagraphs (a) through (h).

## FIRST DEFENSE

120. Plaintiff's Complaint, in whole or in part, fails to state facts sufficient to constitute any cause of action against RIT.

## SECOND DEFENSE

121. Plaintiff's Complaint is barred, in whole or part, to the extent that the website "www.RIT.edu" provides equivalent or greater accessibility to Plaintiff and persons with disabilities as required under applicable law.

## THIRD DEFENSE

122. Any changes Plaintiff seeks be imposed on RIT with respect to its website are barred to the extent that they are practically difficult and pose an undue hardship, such that such changes are not required.

**FOURTH DEFENSE**

123. RIT is not obligated to make any alterations sought by Plaintiff which would result in a fundamental alteration in the nature of RIT's services, programs, or activities or in undue financial and administrative burdens where other methods are effective for compliance under Title III of the ADA and all other applicable State and local public accommodation laws.

**FIFTH DEFENSE**

124. At all relevant times, RIT engaged in good faith efforts to comply with the law, and acted in good faith to ensure full compliance with Title III of the ADA and all other applicable State and local public accommodation laws to the extent readily achievable and/or required by law.

**SIXTH DEFENSE**

125. Plaintiff's Complaint is barred, in whole or in part, because RIT's website is not a place of public accommodation within the meaning of Title III of the ADA and all other applicable State and local public accommodation laws.

**SEVENTH DEFENSE**

126. Plaintiff's Complaint is barred, in whole or in part, on due process grounds because neither the ADA nor the regulations the Department of Justice has promulgated under the ADA address website accessibility.

**EIGHTH DEFENSE**

127. Plaintiff's claims are barred because he lacks standing to pursue such claims.

**NINTH DEFENSE**

128. Plaintiff's claims are barred on the grounds that they are moot.

## TENTH DEFENSE

129. The Complaint is barred, in whole or part, to the extent Plaintiff is guilty of bad faith or unclean hands.

## ELEVENTH DEFENSE

130. The recovery Plaintiff seeks is barred, in whole or part, because Plaintiff failed to mitigate any damages he may have suffered.

## TWELFTH DEFENSE

131. Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

**WHEREFORE**, RIT respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that the Court grant RIT such other and further relief as the Court shall deem just and proper, including reimbursement of attorneys' fees and costs in defending this action.

**DATED:**  January 25, 2019                     **BARCLAY DAMON LLP**

By:     /s/ John C. Canoni
        Laurence B. Oppenheimer
        John C. Canoni
*Attorneys for Defendant, Rochester Institute of Technology*

Laurence B. Oppenheimer
The Avant Building
200 Delaware Avenue
Buffalo, New York 14202
Telephone:  (716) 566-1575
E-mail:  loppenheimer@barclaydamon.com

John C. Canoni
1270 Avenue of the Americas, Suite 600
New York, New York 10020
Telephone:  (212) 784-5828
E-mail:  jcanoni@barclaydamon.com